## MANCUSCO v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
July 6, 1928.

No. 5165.

I. Poisons ⬅➡9—Evidence held to sustain conviction for unauthorized sales of narcotics (Harrison Anti-Narcotic Act § I [26 USCA § 692]).

Evidence *held* to sustain conviction, under Harrison Anti-Narcotic Act, § 1 (26 USCA § 692; Comp. St. § 6287g), for unauthorized sales of narcotics.

2. Criminal law ⬅➡776(1), 829(9, 15, 18)—In prosecution for sale of narcotics, special instructions affecting good character, presumption of innocence, reasonable doubt, and circumstantial evidence held properly refused (Harrison Anti-Narcotic Act, § I [26 USCA § 692]).

In prosecution under Harrison Anti-Narcotic Act, § 1 (26 USCA § 692; Comp. St. § 6287g), for unauthorized sales of narcotics, special instructions touching evidence of good character, presumption of innocence, reasonable doubt, and circumstantial evidence *held* properly refused.

Appeal from the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

James Mancusco was convicted of selling narcotics, and he appeals. Affirmed.

Martin A. McCormack, of Cleveland, Ohio, for appellant.

A. E. Bernsteen, U. S. Atty., and Howell Leuck, Asst. U. S. Atty., both of Cleveland, Ohio.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge. An indictment of four counts charged Mancusco and D'Angelo with violating the Harrison Anti-Narcotic Act, c. 1, § 1, 38 Stat. 785 (title 26 U. S. C. § 692 (26 USCA § 692; Comp. St. § 6287g), by making unauthorized sales of narcotics on different occasions. The first count alleged a sale to Brown on May 6, 1926, the second count a sale to Stewart on May 6, 1926, the third count a sale to Stewart on May 24, 1926, and the fourth count a sale to Stewart on May 28, 1926. D'Angelo pleaded guilty. Mancusco was convicted on all counts, appealed, and assigned errors.

[1] Assignments 2, 4, 7, and 8 attack the denial of a directed verdict. We dispose of these assignments together. There is substantial evidence to sustain the first count. The substance of Brown's testimony is that on May 6, 1926, he bought an unstamped can of cocaine from Mancusco and D'Angelo, for which he paid $45. The evidence touching the second count is not so clear. On May 6th Stewart, a narcotic agent, proposed to buy cocaine from D'Angelo. Thereupon D'Angelo got in touch with Mancusco nearby and returned, and Stewart and D'Angelo drove around a corner of a street, and D'Angelo delivered to Stewart an ounce of cocaine, for which Stewart paid him $45.

If this evidence were unaided by other proofs, its sufficiency might be doubtful; but, when considered in connection with that relating to count 1, above recited, and to counts 3 and 4, now to be mentioned, there was substantial basis for the jury to conclude that the sale was an incident in the selling business being carried on by Mancusco through D'Angelo.

We treat the third and fourth counts together. On May 24, 1926, Stewart, at Fourteenth and Woodland avenue, Cleveland, near a gasoline station, proposed to buy morphine from D'Angelo. D'Angelo immediately came in contact with Mancusco at the gasoline station; Mancusco drove away; Stewart went around the corner; D'Angelo drove away, and soon returned, and delivered

an ounce of morphine to Stewart, for which Stewart paid him $60 in marked money.

On May 28, 1926, Stewart paid D'Angelo $20 in marked money on a proposed purchase of more than $300 worth of morphine. This was to be delivered at 6 o'clock that evening on Twenty-Third street, between Scoville and Woodland. Stewart kept the appointment. Mancusco drove to a point nearby and signaled Stewart to approach him, which signal Stewart ignored. D'Angelo drove up, and Mancusco started away. D'Angelo and Stewart were in the act of passing the money and drugs, when D'Angelo was arrested, and Mancusco's arrest soon followed. On the way to the police station, Mancusco was seen to drop several hundred dollars in currency from his car. This currency was recovered, and on examination the $20 given by Stewart to D'Angelo on May 28th and $30 given by Stewart to D'Angelo on May 24th were found therein. In our view, Mancusco's act in dropping this money justified the jury in drawing an unfavorable inference against him, and, taking this in connection with the other circumstances above indicated, we are not warranted in declaring that the verdict on the third and fourth counts is not sustained.

Of the remaining assignments, appellants stress only three. Several excerpts from the charge are criticized; appellant insisting that, taking the charge as a whole, it coerced the jury into returning an improper verdict, that it was partisan, that it contained comment unfavorable to the defendant, and that it assumed facts to be established that were sharply disputed. We have examined the charge in its entirety, in connection with the opinion of this court in Russell et al. v. United States, 12 F.(2d) 683, and find nothing of which appellant may complain. The law upon the point is set out clearly in that case and the cases cited. It will serve no good purpose to again set forth the limit to which a judge may go in commenting upon the evidence.

[2] Neither was there error in refusing to give special instructions touching the evidence of good character, presumption of innocence, reasonable doubt, and circumstantial evidence. There was no basis for instructions touching the matter of good character, and the remaining points were covered by the charge, and, if the instructions given were different from those asked, the variance was not so material as to be important.

Upon the whole record the judgment is affirmed.